Sam K. Carter, Pro Se
c/o CCA-FCC
P.O. Box 6200
Florence, Arizona
85232

**FILED**

DEC 27 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____ Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

SAMUEL KEVIN CARTER,                )
                                    )
            Plaintiff,              )
                                    )
vs.                                 )   Case No. F05-0016 CV (RRB)
                                    )
OFFICER JAMES O'MALLEY, and         )   OPPOSITION TO DEFENDANT O'MALLEY'S
OFFICER TEAGUE WIDMIER,             )
                                    )   MOTION TO ACCEPT LATE FILING OF ANSWER.
            Defendants.             )
                                    )

   Comes now, Plaintiff Samuel Kevin Carter, Pro Se, submitting to the Court his "Opposition to Defendant O'Malley's Motion to Accept Late Filing of Answer.

   In essence, before the Court is Defendant O'Malley's spin and perspective of the federal rules of civil procedure. In his "Affidavit", Defendant O'Malley states, "I read the complaint, but because I had not been served personally, I did not think I needed to give the paperwork to my attorney or take any action on them". Id. This statement does not corroborate the information the Defendant gave in paragraph 2 of his affidavit. There he candidly states that his co-defendant, Teague Widmier, informed him that they were both named in a lawsuit. Indeed, O'Malley was so concerned about the lawsuit that he called the City attorney's office to make sure they would represent him. O'Malley had knowledge and forethought that he would be served with a summons.

   In the remarks section of the "Process Receipt and Return" form returned to Plaintiff by the U.S. Marshals Service, information is given establishing that Defendant O'Malley was served through a fax and consequently through a chain of command. First, Lt. Geier received the summons and complaint passing them on to Sargeant Doug Whapton. The note states "Personally served by Sgt. Doug Whapton FPD". The summons states in bold print "Summons in a Civil Suit" and "You are hereby summoned and required to serve an answer

-1-



to the complaint which is herewith served upon you, within 30 days"......etc.

Plaintiff would remind the Court Defendant O'Malley is a police officer with training and experience amounting to expertise. Through routine police work Defendant O'Malley is well aware of the intricacies of such things as a "summons" and invariably has had to serve them in the performance of his duties. With this information in mind and in regard to the fact that all parties involved with the "Process and Service" of the summons and complaint are police officers, it is absolutely ridiculous and absurd not to hold Defendant O'Malley to the same light of scrutiny, if not higher, than that of an average citizen or a "pro se" litigant for instance.

Defendant O'Malley is insinuating that a U.S. Marshall has to track him down and 'personally" serve him with the summons and complaint, even though Federal Rule of Civil Procedure 4(e)(2) and 5(b)(2)(ii)(D) allow faxing of the same. Of significance is the fact that Defendant O'Malley does not deny receiving the summons and complaint. In regard to these admissions, "failure to comply with Fed. R. Civ. Proc. 4(c)(2)(C)(ii) does not vitiate service where the defendant concedes it received the complaint and summons". Morse v Elmira Country Club, 752 F.2d 35 (2d Cir. 1984).

The requirement to answer, plead, or otherwise respond to the summons and complaint does not hinge on whether or not Defendant O'Malley "had knowledge" or "believed" that he had been served. The fact remains and Defendant O'Malley admits receiving the summons and complaint. Accordingly, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect". U.S. v Sanchez-Villalobos 1998 U.S. App. Lexis 27891, citing "Pioneer".

In his memorandum and affidavit, Defendant O'Malley would have Plaintiff believe that an answer or other responsive pleading would be based on Plaintiff sending paperwork in addition to the faxed summons and complaint. Plaintiff submits that he was not required to serve any other papers on defendant O'Malley as he was in default for Rule 5(a) purposes, thus his allegations that "Carter never served any other papers or notice" are without merit. Cutting v Town of Allenstown, (1991,CA1 NH) 936 F2d 18,20.

Whether or not Defendant O'Malley deliberately let the due date expire or if he honestly

-2-

believed that no action was needed, is abundantly clear from the rules, that this is no excuse under the law. What he believed is irrelevant.

In conclusion, Plaintiff submits that 70 days of needless and unnecessary delay, not counting any future delay, as a result of Defendant O'Malley's actions, have irreparably harmed and prejudiced Plaintiff.

Accordingly, Plaintiff requests that Defendant O'Malley's Motion to Accept Late Filing of Answer be denied.

DATED and RESPECTFULLY SUBMITTED this 19th day of December, 2005, at Florence, Arizona.

*Samuel K. Carter*
Samuel K. Carter

I hereby certify that a copy of this Opposition to Defendant O'Malley's Motion to Accept Late Filing of Answer was mailed postage prepaid to :
* Second Amended Complaint

* Herbert Kuss
  City Attorney's Office
  800 Cushman Street
  Fairbanks, Alaska 99701

  Venable Vermont Jr., AGO
  1031 W. 4th Ave. Suite 200
  Anchorage, Alaska 99501

*Samuel K. Carter*
Samuel K. Carter