FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 29 PM 4:20

Th

Herbert P. Kuss
City Attorney
Office of the City Attorney
800 Cushman Street
Fairbanks, Alaska 99701
(907) 459-6750
(907) 459-6761 (facsimile)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAMUEL KEVIN CARTER,<br><br>      Plaintiff,<br><br>vs.<br><br>OFFICER JAMES O'MALLEY and<br>OFFICER TEAGUE WIDMIER,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. F05-0016 CV (RRB) |

**REPLY OF DEFENDANT O'MALLEY TO PLAINTIFF CARTER'S
OPPOSITION TO DEFENDANT O'MALLEY'S
MOTION TO ACCEPT LATE FILING OF ANSWER**

The City Attorney's Office received an opposition to O'Malley's motion to accept late filing of answer on December 27, 2005.

Despite Plaintiff's assertions to the contrary, Officer O'Malley was not properly served and had no duty to answer. Plaintiff could have elected to ask Defendant to waive service of a summons under Rule 4(d). He did not choose that method, instead he attempted service under 4(e) which states,

> **Service Upon Individuals Within a
> Judicial District of the United States.**
> Unless otherwise provided by federal law,
> service upon an individual from whom a

OFFICE OF THE
CITY ATTORNEY
800 CUSHMAN
FAIRBANKS, ALASKA
99701-4615

907-459-6750

30

waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States;

 (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or

 (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Contrary to Plaintiff's assertion that a fax to another employee at the defendant's place of employment is allowed under 4(e), that is not the case. Service must have been had on defendant personally by a person over 18 or by a U.S. Marshall or by leaving copies at "the individual's dwelling house or usual place of abode with some person...<u>residing</u> therein..." or to an agent authorized by law. This did not happen. Plaintiff argues that the fact that Officer O'Malley had heard he was a defendant in Carter's lawsuit should have been good service or that that knowledge combined with a fax to a co-worker is sufficient. However, Plaintiff is incorrect as the rules do not so provide.

OFFICE OF THE
CITY ATTORNEY
800 CUSHMAN
FAIRBANKS, ALASKA
99701-4615

907-459-6750

Carter v. O'Malley, et al. F05-0016 CV (RRB)
DEFENDANT O'MALLEY'S REPLY TO PLAINTIFF CARTER'S OPPOSITION TO DEFENDANT O'MALLEY'S MOTION TO ACCEPT LATE FILING OF ANSWER
Page 2

Plaintiff incorrectly refers to FRCP 5(b)(2)(ii)(D) as authority to serve a complaint on an individual by FAX. That section refers to service of pleadings on an individual's attorney <u>after</u> service of the summons and complaint pursuant to FRCP 4. FRCP 5(a) states in pertinent part,

\* \* \*

> No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them <u>in the manner provided for service of summons in Rule 4</u>. (Emphasis added)

Rule 4, as set forth above, does not allow service of a summons and complaint by FAX.

Additionally, pursuant to the laws of the State of Alaska, service of a complaint and summons by fax is specifically not allowed. ARCP 4(1) is almost identical to FRCP (4)(e)(2). In the Alaska rules of court 4(c)(1) states,

> Service of all process shall be made by a peace officer, by a person specifically appointed by the Commissioner of Public Safety for that purpose or, where a rule so provides by registered or certified mail.

ARCP 5.1(b)(1) specifically excludes the facsimile as an allowable method for serving a summons and complaint. Officer O'Malley, as Plaintiff points out, frequently serves summons and is more aware than most that service by facsimile is not a method of proper service.

OFFICE OF THE
CITY ATTORNEY
800 CUSHMAN
FAIRBANKS, ALASKA
99701-4615

907-459-6750

Carter v. O'Malley, et al.                                F05-0016 CV (RRB)
DEFENDANT O'MALLEY'S REPLY TO PLAINTIFF CARTER'S OPPOSITION TO DEFENDANT
O'MALLEY'S MOTION TO ACCEPT LATE FILING OF ANSWER
Page 3

*Morse v. Elmira Country Club,*[1] cited by Plaintiff is inapplicable to the case at bar. *Morse* dealt with the issues of whether the method of serving process by mail is acceptable in a diversity case governed by New York's statute of limitations, and whether the plaintiff complied with the statute of limitations and an older version of the statute, FRCP Rule (4)(a)(2)(c)(ii). The statute has since been amended. Rather, *Armco, Inc. v. Penrod-Stauffer Bldg Sys.*,[2] is more pertinent. In *Armco* the court entered a default for failing to respond to a summons and complaint. The appellate court overturned the district court's default judgment, stating,

> The defendant, of course, had notice that an action had been commenced by the filing of a complaint. When the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction. When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored. This is particularly so when the means employed engenders the kind of confusion which the defendant's officers reasonably experienced here, leaving them without clear notice of the necessity to respond.

OFFICE OF THE
CITY ATTORNEY
800 CUSHMAN
FAIRBANKS, ALASKA
99701-4615
907-459-6750

---

[1] 752 F.2d 35 (2d Cir. 1984)

[2] 733 F.2d 1087

Carter v. O'Malley, et al.                                    F05-0016 CV (RRB)
DEFENDANT O'MALLEY'S REPLY TO PLAINTIFF CARTER'S OPPOSITION TO DEFENDANT
O'MALLEY'S MOTION TO ACCEPT LATE FILING OF ANSWER
Page 4

Once Officer O'Malley's attorneys were aware that Plaintiff believed he had properly served O'Malley an answer was forthcoming to the court immediately, despite lack of proper service. When considering how far the suit has progressed with co-defendant Officer Widmier, it is obvious that Plaintiff will not be prejudiced or his suit delayed by accepting the filing of Officer O'Malley's answer at this time.

Finally, enclosed in the same envelope with Plaintiff's Opposition was a document entitled "Second Amended Complaint." This is the first time Plaintiff has attempted service on the City or on O'Malley with this document. Plaintiff has again not properly served either Defendant pursuant to FRCP Rule 4 as reiterated in FRCP Rule 5(a). The City assumes from documents forwarded to the City for the City's information by Venable Vermont of the State Attorney General's office that this proposed second amended complaint has not yet been accepted for filing.

Officer O'Malley's motion to accept answer to the original complaint should be granted. Despite lack of proper service Officer O'Malley and the Fairbanks City Police Department will begin action to deal with this proposed amended complaint.

OFFICE OF THE
CITY ATTORNEY
800 CUSHMAN
FAIRBANKS, ALASKA
99701-4615

907-459-6750

Carter v. O'Malley, et al.                                              F05-0016 CV (RRB)
DEFENDANT O'MALLEY'S REPLY TO PLAINTIFF CARTER'S OPPOSITION TO DEFENDANT
O'MALLEY'S MOTION TO ACCEPT LATE FILING OF ANSWER
Page 5

DATED at Fairbanks, Alaska this 29 day of December, 2005.

> OFFICE OF THE CITY ATTORNEY
> Herbert P. Kuss, City Attorney
> Attorneys for Defendant
>
> By: /s/ Marilyn Stromwall for
> Herbert P. Kuss
> City Attorney
> AK Bar No. 7610113

Certificate of Mailing
I hereby certify that on the 29 day of Dec., 20 05, I mailed via first-class mail, a true and correct copy of the foregoing to: Carter j Vermont
O:    OF THE CITY ATTORNEY
8       hman St., Fbks, AK
By LmD

OFFICE OF THE
CITY ATTORNEY
800 CUSHMAN
FAIRBANKS, ALASKA
99701-4615

907-459-6750

Carter v. O'Malley, et al.                                              F05-0016 CV (RRB)
DEFENDANT O'MALLEY'S REPLY TO PLAINTIFF CARTER'S OPPOSITION TO DEFENDANT
O'MALLEY'S MOTION TO ACCEPT LATE FILING OF ANSWER
Page 6