Sam K. Carter, Pro Se
c/o CCA-FCC
P.O. Box 6200
Florence, Arizona
85232

**FILED**

FEB 1 3 2006

IN THE UNITED STATES DISTRICT COURT
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
FOR THE DISTRICT OF ALASKA By_____ Deputy

| | |
|---|---|
| SAMUEL KEVIN CARTER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>OFFICER JAMES O'MALLEY, )<br>OFFICER TEAGUE WIDMIER, and )<br>FAIRBANKS CITY POLICE DEPARTMENT, )<br>)<br>Defendants. )<br>_____) | Case No. F05-0016 CV (RRB)<br><br>MEMORANDUM OF LAW IN SUPPORT OF<br><br>MOTION FOR SUMMARY JUDGMENT |

I. THE FACTS ARE UNDISPUTED.

   As outlined in plaintiff's affidavit, this civil action is the result of the Alaska Court of Appeals overturning and reversing a criminal conviction and judgment, having found a constitutional violation by the defendants. See Carter v State, 72 P.3d 1256 (2003).

   In as far as pleadings and documentary evidence "outside" the record in the instant case, plaintiff implores the Court to take judicial notice of all proceedings which have occurred in Alaska state courts regarding plaintiff's civil rights claims. See Toney v Burris, 829 F.2d 622, 626-627, (7th Cir. 1987).

   This satisfies the requirement that "in order for a plaintiff to recover damages under section 1983 for constitutional violations, a plaintiff must prove that the conviction has been invalidated." See Heck v Humphrey 114 S.Ct. 2364, 2372 (1994).

   Accordingly, res judicata establishes a constitutional violation and plaintiff submits "the prior proceedings determines the issue in the instant case by collateral estoppel, making facts undisputed for purposes of deciding summary judgment motion." See Ayers v City of Richmond, 895 F.2d 1267, 1270-1272 (9th Cir. 1990). Also see Ashe v Swenson, 397 U.S. @ 443.

   In addition to collateral estoppel, Defendant Widmier has only objected to paragraphs 6,32, and 38 of plaintiff's Second Amended Complaint. These paragraphs deal

-1-

with Defendant William Tandeske being sued in his official capacity and as <u>respondeat superior</u>, all of which the Court has denied. The remaining paragraphs deal with the facts outlining plaintiff's claims against the other defendants. Neither Defendant Widmier or Defendant O'Malley has objected to these remaining facts and plaintiff submits they be deemed admitted under Fed. Civil Rule 8 (d), therefore undisputed for summary judgment purposes.

II. <u>PLAINTIFF IS ENTITLED TO JUDGMENT AS A MATTER OF LAW BASED ON THESE UNDISPUTED FACTS.</u>

By way of "Answer to Complaint" Defendants O'Malley and Widmier have listed three identical affirmative defenses each. Plaintiff will show these affirmative defenses to be baseless and without merit.

1. <u>Failure to state a claim for which relief can be granted.</u>

In considering a Rule 12 (b)(6) Motion to Dismiss "for failure to state a claim," a court should do so, "only where it appears beyond doubt that plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief." See Conley v Gibson, 355 U.S. 41.

By way of <u>res judicata</u> and <u>collateral estoppel</u> plaintiff has soundly established the facts and shown they cannot be relitigated. In addition, "a defendant moving for dismissal has the burden of proving that no claim has been stated and must show beyond doubt that the plaintiff can prove no set of facts in support of his claim." Id at 45-6.

This affirmative defense fails and is without merit.

2. <u>Claim has been filed beyond applicable statute of limitations.</u>

Plaintiff's direct criminal appeal in the instant case was overturned and reversed on July 3, 2003 and later dismissed by the trial court in August, 2003. In Cline v Brusett 661 F.2d 108,110 (9th Cir. 1981), "Federal law determines when the state limitations period begins for a claim under 42 USC §1983."

"The statute of limitations wherein causes of action based on illegal search and seizure do not accrue unitl charges are dismissed or a conviction is overturned." See Harvey v Waldron 210 F.3d 1008,1014-1015 (9th Cir. 2000). Also see McCulley v City of Tucson 2004 U.S. App. Lx 2506.

Therefore, the point in time where tolling begins is at the least, August of 2003, but for clarity plaintiff will assume the Court of Appeals reversal date of 7-3-03. In considering the length of time within which plaintiff has to file a claim, "the statute of limitations for section 1983 actions is determined by state law." See Harding v Galceran 889 F.2d 906, 907 (9th Cir. 1989). Subsequently, the length of time within which to file a civil action against peace officers can be found at Alaska Statute 09.10.070 which states: Actions for torts, for injury to personal property

for certain statutory liabilities, and against peace officers and coroners to be brought in two years. Also see AS 09.10.060.

Plaintiff filed the complaint in this action on 6-2-05 and the Court issued it's order directing service and response on 6-29-05, which on it's face shows filing within statutory limitations.

This affirmative defense fails and is without merit.

3. Qualified immunity.

"The existence of immunity in a particular case should be decided as early as possible in the litigation...ideally, well in advance of trial." See Hunter v Bryant 502 U.S. 224,225. Also see Harlow v Fitzgerald.

"In Hunter we also reiterated the principle that questions of immunity ordinarily should be decided by the court, not by the jury...because the entitlement is an immunity from suit rather than a mere defense to liability." See Mitchell v Forsyth 472 U.S. 511,526. Also see Saucier v Katz 531 U.S. 991..."a court required to rule upon the qualified immunity must consider this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alledged show the officer's conduct violated a constitutional right and was the right clearly established?" Id. The answer is in the affirmative. Also see Anderson v Creighton.

In light of existing caselaw, to overcome the affirmative defense of qualified immunity, Carter must first establish that a constitutional violation has occurred. This requirement has been met and firmly established though previously mentioned facts regarding res judicata and collateral estoppel.

Secondly, Carter show that the contours of the particular right were "clearly established" at the time of the event. The contours of this right in Carter's case is the right of privacy in one's home. Hence, "the physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed." See United States v United States District Court 407 U.S. 297,313.

"No reasonable officer could claim to be unaware of the basic rule, well established by our cases, that, absent consent or exigency, a warrantless search of the home is presumptively unconstitutional."See Payton v New York 445 U.S. 573, 586-588.

"These constitutional protections and presumption extends to protect the legitament expectation of privacy of the occupant of a hotel." See Stoner v California, 376 U.S. 483, 490. Clearly, as Carter was lying in bed fast asleep, in a hotel room of which he had every right to be in, his right to expectations of privacy were "clearly established." As established earlier, they had no exigency exception to the warrant requirement, nor Carter's consent to search his hotel room.

The record is very clear the only consent the defendants had was from the hotel desk clerk and this permission to search Carter's room was contingent upon the guests vacating the premises, as it only could be. See Tr. 5:12-22. Defendant O'Malley testified that he nor Defendant Widmier had authority or consent from hotel management to evict or remove Carter from his possession of the room. Tr. 25:15-17, Tr.31:17-21. Yet, this is the very thing the defendants did, evict Carter from his possession of the room in order to carry out a warrantless seizure and search. These facts and the clear admissions made by the defendants negate qualified immunity.

Therefore this affirmative defense fails and is without merit.

4. <u>Good faith immunity</u>.

The City of Fairbanks has listed it's intent to rely on good faith immunity as an affirmative defense. Plaintiff submits to the Court, in Owen v City of Independence 100 S.Ct. 1398, our Supreme Court opined:

> "By it's terms, 42 U.S.C.S. §1983 creates a species of tort liability that on its face admits of no immunities. It's language is absolute and unqualified; no mention is made of any priviledges, immunities or defenses that may be asserted. Rather, the Civil Rights Act imposes liability upon "every person" who, under color of state law or custom, subjects, or causes to be subjected, any citizen of the United States to the deprivation of any rights, priviledges, or immunities secured by the Constitution and laws. These words were intended to encompass municipal corporations as well as natural "persons". Id at headnote 4.
>
> "The municipality may not assert the good faith of it's officers or agents as a defense to liability under 42 USCS §1983." Id at headnote 6.

Additionally, "Municipalities are "persons" within the meaning of 42 USCS §1983." See Monell 436 U.S. @ 690.

This affirmative defense fails and is without merit.

III. <u>CONCLUSION</u>.

Plaintiff submits he has met the necessary burden of establishing there is no dispute of material facts and that plaintiff is entitled to judgment as a matter of law based on those facts. Accordingly, Summary Judgment should be granted for plaintiff.

DATED and SUBMITTED this 7th day of February, 2006, at Florence, Arizona.

I hereby certify that a copy of this Memorandum of Law was mailed postage prepaid to the following:

*Samuel K. Carter*

Samuel K. Carter

Venable Vermont Jr-AGO
1031 W. 4th Ave., Suite 200
Anchorage, Alaska 99705

Herb Kuss-CAO, 800 Cushman Fairbanks, Ak.99701

-4-