IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAMUEL KEVIN CARTER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>OFFICER JAMES O'MALLEY and<br>OFFICER TEAGUE WIDMER,<br><br>　　　　Defendants. | Case No. 4:05-CV-0016 CV-RRB<br><br>**SCHEDULING & PLANNING ORDER** |

　　　　This order for the pre-trial development of the case is entered pursuant to Rule 16(b), Federal Rules of Civil Procedure.

**DISCOVERY**

　　　　Discovery shall be conducted in accordance with Rules 26 through 37, Federal Rules of Civil Procedure, D. Ak. LR 30.1, 32.1, and 37.1, and the discovery plan contained in the status report of the parties except that:

　　　　(1) Counsel for each party must contemporaneously prepare and maintain a written record of all disclosures and supplementation of disclosures or responses made to requests for discovery under Rule 26(a) and (e), Federal Rules of Civil

Procedure.  Unless required in support of a motion or by order of the Court, disclosures and supplemental disclosures are not to be filed with the Court.

(2) Joint statement of issues:  Nothing further is required.

(3) Preliminary disclosures, including a preliminary witness list, are required as part of the Rule 26(a)(1) disclosure. The disclosures have been exchanged.

(4) Expert witness disclosures in accordance with Rule 26(a)(2) must be made on or before **May 1, 2006.**

(5) On or before **June 12, 2006,** each party shall serve and file a final revised witness list which, unless otherwise specifically stated, must include expert as well as lay witnesses. Only those witnesses so disclosed will be permitted to testify at trial.

(6) All discovery must be scheduled so as to be <u>completed</u> by **August 7, 2006**.

(7) If expert witness or other fact discovery is not completed by the dates above specified, counsel may stipulate to a continuance of no more than two months for completion of the same, provided that any such stipulation shall state precisely what discovery remains and when it will be accomplished. A discovery conference must be requested if more time is required to complete

such discovery.  The Court will not routinely approve requests or stipulations for extensions of time for discovery.

(8) Limits on discovery:  No limitations on discovery other than those suggested by the parties are imposed at this time.

(9) Disclosures and discovery responses are to be supplemented in accordance with Rule 26(e) and periodically at 60-day intervals from the entry of this order.

(10) The disclosures required by Rule 26(a)(3), Federal Rules of Civil Procedure, to the extent not covered by this order, will be addressed by the Court in a Pretrial Order that the Court will issue concurrent with setting this case for trial.

(11) The deadline for completion of discovery is applicable to all depositions, including what some lawyers call "perpetuation" depositions.  A deposition may be taken after the close of discovery only by leave of Court obtained upon a showing of good cause why the deposition was not taken prior to the close of discovery.

## MOTIONS

(1) Motions to add other parties and/or amend the pleadings subsequent to the date of this order must be served and filed on or before **April 3, 2006**.  Thereafter, parties may be added and/or pleadings amended only upon leave of court and for good cause shown.

(2) All motions under the discovery rules must be filed on or before **September 8, 2006.** Discovery motions will be stricken if the parties fail to comply with Rule 37(a)(2), Federal Rules of Civil Procedure, and D. Ak. LR 37.1.

(3) Dispositive motions and motions <u>in limine</u> must be filed on or before **September 8, 2006.**

### FURTHER PRE-TRIAL PROCEEDINGS

(1) The parties **have not** consented to all future proceedings in this case being before a United States magistrate judge.

(2) Status, discovery, settlement, or other pre-trial conferences will be scheduled at the request of a party or at the discretion of the Court.

(3) In the event that discovery is completed more than 45 days before the discovery close date set out in this scheduling and planning order, and if no dispositive motion is to be made by any party, counsel for the Plaintiff must file a certificate that the case is ready for trial as provided in D. Ak. LR 40.3(b). When the time allowed for discovery and motion practice has passed and all pending dispositive motions have been ruled upon, the Court will call upon the parties to certify the case ready for trial.

**TRIAL**

It is estimated that this case will require **four (4)** days for trial by **jury.**

ENTERED this 27th day of February, 2006.

/s/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE