# IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

## FOURTH JUDICIAL DISTRICT AT FAIRBANKS

| | |
|---|---|
| STATE OF ALASKA<br><br>     Plaintiff,<br><br>v.<br><br>SAMUEL K. CARTER,<br>     Defendant. | FILED in the trial courts<br>State of Alaska, Fourth District<br><br>APR 0 4 2001<br><br>_____ Deputy |

Case Number 4FA-S01-117 CR

### MOTION FOR RECONSIDERATION

CERTIFICATION: The undersigned certifies that this document and its attachments do not contain: (1) the name of a victim of a sexual offense listed in AS 12.61.140 or (2) a residence or business address or telephone number of a purported victim of or witness to any crime unless it is an address used to identify the place of the crime or it is an address or telephone number in a transcript of a court proceeding and disclosure of the information was ordered by the court.

Defendant Samuel K. Carter, by and through his undersigned attorney, and pursuant to Alaska Rule of Criminal Procedure 42(k), hereby motions the court to reconsider it's order dated March 30, 2001, denying defendant's motion to suppress.

This motion is based on the fact that the court in reaching it's decision to deny Mr. Carter's motion to suppress overlooked and/or misconceived a material fact.

The court, in it's findings, specifically found that after Amy Fain was taken into custody and the child that was in the room had gone with Amy's mother, Pam Fain, this left Investigator James O'Malley and Alaska State Trooper Teague Widmier in the room alone with Mr. Carter and it was after 1:00 o'clock. Thus finding that it was after the 1:00 o'clock Comfort Inn check out time when Officer O'Malley ordered Mr. Carter to

TEPOVICH
LAW OFFICE

Second Avenue
Suite A
Fairbanks, Alaska
99701
(907) 452-6600
(907) 452-5205

Carter Motion for Reconsideration

000016

0168

vacate the room, get his cloths and leave. As the court specifically found, "at that point it was after 1:00 o'clock, but not much after."

Reserving the argument as to whether or not there is any legal significance to time in this case, defendant asserts that the court has overlooked the fact that Officer O'Malley ordered Mr. Carter to vacate room 231 prior to 1:00 p.m.

The court in applying the law, on plain view searches, to the historical facts it found, held that it was significant, on the issue of whether or not the police where in a place that they were entitled to be, that Mr. Carter was told to leave after the 1:00 o'clock check out time. The court reasoned that at the point that they are there after 1:00 o'clock, Mr. Carter has not done anything that would allow him to maintain control of the place. He was not a registered guest, thus it seemed to the court that the officers had a right to be where they were. The court reasoned they were there with the consent of Comfort Inn to search the place after the guests were no longer entitled to be there.

It thus follows that if the episode with Amy Fain, that allowed the police to enter hotel room 231, is resolved and she and the child are out of the room prior to 1:00 o'clock, then Officer O'Malley and Trooper Widmier do not have a right to be there and to instruct Mr. Carter to vacate the premises prior to 1:00 o'clock check out time.

This time can be established through the entry/arrest tape of Alaska State Trooper Eric Olsen, the trooper that arrested Amy Fain and escorted her from the hotel room out to his patrol car. See attached Exhibit A entry/arrest tape. The audio tape establishes that Pamela Fain knocked on the door of room 231 in order to allow the

STEPOVICH
LAW OFFICE

3 Second Avenue
Suite A
Fairbanks, Alaska
99701
t: (907) 452-6600
f: (907) 452-5205

police to gain entry to the room and that it took approximately 45 seconds for Amy Fain to open the door. That after two minutes in room 231, Amy Fain was placed under arrest and after four minutes from the knocking on the door, she was taken out of the room. The tape goes on to record the contact between Amy Fain and Trooper Olsen and assisting Trooper Eldridge. Approximately seven minutes and twenty seconds from the knock on the door, Ms. Fain is physically taken to the ground in the parking lot, in order to be searched, and after approximately eight minutes, she is rolled over onto her side and brought to her knees, after nine minutes she is put into Trooper Olsen's patrol car. This portion of the tape ends with Trooper Olsen recording a time of 12:54 p.m. noting that he has been with Trooper Eldridge for the past 10 minutes. Trooper Olsen and he then goes off tape at 12:55 p.m.

Therefore, since the court has placed legal significance to the 1:00 p.m. time in this matter, and specifically to the fact that Officer O'Malley and Trooper Widmier ordered Mr. Carter to vacate the room after 1:00 p.m., a time the court found when Mr. Carter was not in valid possession of room 231. Reconsideration based on the material fact that he was ordered to leave prior to 1:00 p.m. is mandated.

This motion is supported by the attached affidavit of counsel and <u>Exhibit A</u>, a portion of the scene/arrest tape of Trooper Eric Olsen.

STEPOVICH
LAW OFFICE

13 Second Avenue
Suite A
Fairbanks, Alaska
99701
el: (907) 452-6600
ix: (907) 452-5205

000018

DATED at Fairbanks, Alaska this ____ day of April, 2001.

STEPOVICH LAW OFFICE

BY: _____
Michael A. Stepovich ABA# 8406051

CERTIFICATE OF SERVICE
I hereby certify that a true and correct copy of the foregoing document was: ___ mailed; X hand-delivered; ___ telefaxed to:

- 
- **District Attorney**,
  604 Barnette Street, Rm. 247
  Fairbanks, AK.

_____  4/4/01
STEPOVICH LAW OFFICE       Date

STEPOVICH
LAW OFFICE

I Second Avenue
Suite A
Fairbanks, Alaska
99701
: (907) 452-6600
: (907) 452-5205

000019

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT FAIRBANKS

| | |
|---|---|
| STATE OF ALASKA, ) | |
| ) | |
| Plaintiff, ) | FILED in the Trial Courts |
| ) | State of Alaska, Fourth District |
| vs. ) | |
| ) | APR 0 4 2001 |
| SAMUEL K. CARTER, ) | |
| ) | By _____ Deputy |
| Defendant. ) | |
| ) | |

Case Number 4FA-S01-117 CR

## AFFIDAVIT OF COUNSEL

STATE OF ALASKA         )
                        )ss
FOURTH JUDICIAL DISTRICT )

Michael A. Stepovich, being first duly sworn, hereby deposes and states:

1. I am counsel for the defendant in the above matter and make this affidavit in support of this Motion for Reconsideration.

2. Officer James O'Malley's testimony at the evidentiary hearing on March 30, 2001, was that he told Mr. Carter to vacate the room because:

   a. They had not paid for another night according to the front desk;

   b. the room was registered to someone else who was not in the room and was not present at the time; and

   c. it was after 1:00 o'clock.

3. Officer O'Malley testified on cross-examination at the evidentiary hearing that, Amy Fain was not out of the room before 1:00 o'clock as she had "wrestled and fought with the Troopers and screamed and hollered for a while...."

STEPOVICH
LAW OFFICE

13 Second Avenue
Suite A
Fairbanks, Alaska
99701
el: (907) 452-6600
ix: (907) 452-5205

Carter Affidavit of Counsel                              000020            0172

4. Officer O'Malley further testified that no one at the Comfort Inn had asked him to have Mr. Carter removed from room 231.

5. Affiant has reviewed the scene/arrest tape recorded by Trooper Eric Olsen and has timed from the initial knock on hotel room 231, to when Trooper Olsen reports going off tape at 12:55 p.m., consists of a time of a little over 10 minutes.

6. Affiant questioned Officer O'Malley regarding the Trooper Olsen is tape recording, but did not anticipate the significance of providing the court with the tape until after the court had ruled placing emphasis on the Officer ordering Mr. Carter to vacate room 231 after 1:00 p.m.

7. Affiant respectfully requests, if necessary, that the evidentiary hearing be reopened to allow for the admission of Trooper Olsen's tape as it seems to be a material fact the court has overlooked.

**FURTHER AFFIANT SAYETH NAUGHT**

DATED at Fairbanks, Alaska this ___ day of April 2001.

Michael A. Stepovich ABA# 8406051

SUBSCRIBED AND SWORN, before me this ___ day of April, 2001 at Fairbanks, Alaska.

Notary Public In & For Alaska
My Commission Expires: 8/24/03

STEPOVICH LAW OFFICE
13 Second Avenue
Suite A
Fairbanks, Alaska 99701
Tel: (907) 452-6600
Fax: (907) 452-5205

CERTIFICATE OF SERVICE
I hereby certify that a true and correct copy of the foregoing document was: ___ mailed; X hand-delivered; ___ telefaxed to:
District Attorney's Office
604 Barnette Street, Rm 247
Fairbanks, AK 99701

Kelly Lossley  4/4/01
Stepovich Law Office   Date

000021

Page 2 of 2

Carter Affidavit of Counsel

0173