DAVID W. MÁRQUEZ
ATTORNEY GENERAL

Venable Vermont, Jr.
Assistant Attorney General
Office of the Attorney General
1031 W. 4th Ave., Suite 200
Anchorage, Alaska  99501
Telephone: (907) 269-5190
Fax: (907) 258-0760
Email: TWC_EFC@law.state.ak.us

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| SAMUEL KEVIN CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 4:05-cv-0016-RRB |
| | ) | |
| v. | ) | |
| | ) | |
| OFFICER JAMES O'MALLEY, and | ) | **O'MALLEY AND WIDMIER'S** |
| OFFICER TEAGUE WIDMIER, | ) | **REPLY ON THEIR MOTION** |
| | ) | **FOR SUMMARY JUDGMENT** |
| Defendants. | ) | |
| | ) | |

Fairbanks Police Officer James O'Malley and Alaska State Trooper Teague Widmier have moved for summary judgment on Samuel Carter's 42 U.S.C. § 1983 claim against them.  The officers seek qualified immunity in this civil suit on the grounds that 1) they did not violate Carter's constitutional rights, the opinion of the Alaska Court of Appeals notwithstanding, and 2) that even if they did, any mistake they made about the scope of their authority to remain in room 231 was reasonable under the circumstances.  Carter has opposed, making two primary points.  Carter argues that it was before 1 p.m. when he was

alone with O'Malley and Widmier in room 231, and thus his tenancy had not yet expired, so the officers had no right to demand that he leave. Second, Carter argues that no one from the hotel had authorized O'Malley or Widmier to clear the room – he believes that Judy Tonkovich's testimony conflicts with O'Malley's affidavit, creating a material issue of fact precluding summary judgment.

The defendants now make this reply: The record in the trial court, which was accepted by the court of appeals, establishes that it was "slightly after one o'clock when O'Malley ordered Carter to gather his belongings and leave the room."[1] Carter made a motion to reconsider Judge Greene's ruling on the suppression hearing, trying to establish a different time sequence than that found by the court. It was denied by Judge Greene and thus the time sequence established in *Carter* prevails here. Carter has put nothing admissible in the record establishing otherwise. And even if the officers acted slightly before 1 p.m., it makes no difference to the qualified immunity analysis – the officers were acting reasonably under the circumstances.

As to Carter's second point, his attempt to establish a contested material fact is again meaningless in the context of a qualified immunity inquiry. Even assuming the facts in Carter's favor – that is, assuming as true only Judith Tonkovich's testimony that she did not tell the officers that they could order the occupants out of room 231 after 1 p.m. – it was reasonable for the officers to think that they could because 1) it was after checkout time; 2)

---

[1] *Carter v. State*, 72 P.3d 1256, 1258 (Alaska App. 2003).

Defendants' Reply on Their Motion for Summary Judgment
*Carter v. O'Malley et al.*
4:05-cv-0016-RRB
Page 2 of 7

no registered guests remained in the room; 3) the rental had not been renewed; 4) the officers had no knowledge that Carter had ever renewed the rentals since January 5, and no knowledge of Judy's conversation with "Sam," and no knowledge of the hotel's renewal policies; and 5) they had been given authority to search the room after the occupants checked out. O'Malley's conclusion about his authority was reasonable, even if it turned out to be inaccurate.

    A.    **The record establishes that the officers were in room 231 with Carter slightly after 1 p.m.**

In an effort to show that Amy Fain's arrest was completed, that she and her mother and child were out of the room, and that the officers were alone in the room with Carter – all before one o'clock – Carter attaches to his opposition a copy of his motion for reconsideration of Judge Greene's ruling in the suppression hearing, and what appears to be a portion of his brief in the Alaska Court of Appeals. He argues that these establish that it was before 1 p.m. when O'Malley and Widmier ordered him to leave the room, that no reasonable officer would have done so because checkout was not until 1 p.m., and thus qualified immunity is inappropriate. Carter is in error.

Carter is wrong because Judge Greene's findings of fact – that Carter was first alone in the room with the officers at "slightly past one o'clock" – were accepted by the court of appeals[2] and form the basis of the factual record here. They are the law of the case as to Carter and this is so for several reasons. First, Carter's motion for reconsideration was

---

    [2]    *Id*.

Defendants' Reply on Their Motion for Summary Judgment
*Carter v. O'Malley et al.*
4:05-cv-0016-RRB
Page 3 of 7

denied by Judge Greene. Exhibit D, attached, Judge Greene's written order denying the motion for reconsideration, and Exhibit E, attached, transcript from April 5, 2001, confirming the denial and the reason for it. Second, Carter's appellate briefing on the issue is not admissible evidence under Federal Rule of Civil Procedure 56(c), which provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Summary judgment cannot be defeated by factual assertions in the brief of the party opposing it;[3] this would also be applicable to an appellate brief arguing the same point. Third, Carter has failed to put anything in the record that meets the evidentiary standards for opposing summary judgment and thus establishes his asserted fact. And finally, Carter is estopped from asserting otherwise because he had the opportunity to litigate the issue previously, and did so, and it was decided against him. This is pure and simple issue preclusion; Carter litigated precisely this point in his criminal case. The law of the case is thus established that the officers were first alone with Carter in room 231 at "slightly after one o'clock."

Thus there is no triable issue of fact about the time the officers ordered Carter to leave the room – it was "slightly after one o'clock." Because Carter does not appear to dispute that the officers were entitled to summary judgment on qualified immunity if they

---

[3] C.A. Wright, A.R. Miller, and M.K. Kane, *10A Federal Practice and Procedure – Civil*, § 2723 (Third Edition 1998).

Defendants' Reply on Their Motion for Summary Judgment
*Carter v. O'Malley et al.*
4:05-cv-0016-RRB
Page 4 of 7

acted after 1 p.m., summary judgment is appropriate.

> **B.    Assuming the facts in the light most favorable to Carter, the officers are entitled to summary judgment based on qualified immunity because they made a reasonable mistake.**

Carter's second major point in attempting to defeat summary judgment is a similar attempt to establish a contested issue of material fact – he points to the conflict between Judith Tonkovich's testimony that she did not give the officers authority to clear the room, and Officer O'Malley's affidavit that she said something similar to "We don't want them in there." This is unavailing to prevent the application of qualified immunity because even assuming the facts most favorable to Carter – that Tonkovich's testimony is true, and that she said nothing that gave the officers the belief that the hotel wanted the occupants out of room 231 – the officers' mistake about the scope of their authority was reasonable and qualified immunity applies.

Qualified immunity protects police officers from liability under 42 U.S.C. § 1983 when they have made a mistake that is objectively reasonable under the circumstances.[4] That is the situation here. Even if this Court agrees with the Alaska Court of Appeals that the officers violated Carter's constitutional rights, they made a reasonable mistake and are entitled to qualified immunity. The officers knew that it was after one o'clock and that one o'clock was checkout time. They knew that the other occupants of the room were gone, and that the remaining occupant – Carter – was not the registered guest – Christine Covington

---

[4]    *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

Defendants' Reply on Their Motion for Summary Judgment
*Carter v. O'Malley et al.*
4:05-cv-0016-RRB
Page 5 of 7

was. They knew that the rental had not been renewed for this day, January 9, even though it had been renewed on a daily basis since it began on January 5. They did not know that Carter had been the person renewing the rental,[5] they did not know this hotel's carry-over policies, and they did not know that the clerk had called the room and talked to "Sam." But they did know that Judith Tonkovich had given them permission to search the room after the occupants checked out and before it was cleaned by hotel employees. In short, no one formally connected with rental of the room remained in the room, and it was after check-out time. That was sufficient for them to reasonably believe they could order Carter to leave. If the officers made a mistake about their authority here, it was a reasonable one based on what they knew at the time. They were not incompetent, nor did they knowingly violate the law; they are thus entitled to qualified immunity.

## CONCLUSION[6]

Carter fails to understand qualified immunity. He concludes by urging the court to find that his civil rights were violated. Opp., p. 9. The Alaska Court of Appeals has already concluded that in *Carter*. This court could also, and yet still grant summary judgment to the officers based on qualified immunity because qualified immunity protects

---

[5] Carter asserts this as a fact – Opp., pp. 3-4 – but it is nowhere established in the record. What is established is that the officers did not know it at the time that they spoke with Carter in room 231. Exh. A, ¶ 8; Exh. B, p. 9.

[6] Carter's other points are minor and need little to no discussion. For example, he argues that the officers' entry into the room to assist in the arrest of Amy Fain was a pretext. Opp., p. 5. But Judge Greene found, and the record thus establishes, that it was not. Exh. B, p. 64.

Defendants' Reply on Their Motion for Summary Judgment
*Carter v. O'Malley et al.*
4:05-cv-0016-RRB
Page 6 of 7

state officials from liability for reasonable mistakes of fact or law. The disagreement between Judge Greene and the Court of Appeals demonstrates the reasonableness of the officers' mistake about the clarity of the law. And using an "objectively reasonable" standard, this court can determine the reasonableness of their mistake about the scope of their authority to clear the room, given what the officers knew at the time of their order to Carter.

In either event officers O'Malley and Widmier are entitled to qualified immunity and to summary judgment on Carter's civil rights claim.

DATED this 2nd day of June, 2006 at Anchorage, Alaska.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By:   s/ Venable Vermont, Jr.
Assistant Attorney General
Office of the Attorney General
1031 W. 4th Ave., Ste. 200
Anchorage, AK 99501
Phone: (907) 269-5190
Fax:    (907) 258-0760
Venable_Vermont@law.state.ak.us
TWC_ECF@law.state.ak.us
Alaska Bar No. 8306067

This is to certify that on this date, a copy of
the foregoing Defendants' Reply on Their Motion
for Summary Judgment is being mailed to:

Samuel Kevin Carter
c/o CCA-FCC
P.O. Box 6200
Florence, AZ  85232

s/ Venable Vermont, Jr. 6/2/06

Defendants' Reply on Their Motion for Summary Judgment
*Carter v. O'Malley et al.*
4:05-cv-0016-RRB
Page 7 of 7