IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAMUEL KEVIN CARTER,<br><br>Plaintiff,<br><br>vs.<br><br>OFFICER JAMES O'MALLEY and OFFICER TEAGUE WIDMIER,<br><br>Defendants. | Case No. 4:05-cv-0016-RRB<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |

Before the Court at Docket 49 is Defendants' Motion for Summary Judgment on the Basis of Qualified Immunity. The Court has studied the pleadings relevant hereto and concludes that Defendants' motion is well taken for the reasons articulated by Defendants in their moving papers.

**I. FACTS**

The facts involved herein have been clearly set forth by the parties and are not in material dispute. Essentially, Plaintiff Carter was convicted by a jury of Misconduct Involving a Controlled Substance in the Fourth Degree. His conviction was ultimately overturned on appeal on the basis that Carter's initial

arrest was unlawful. The Alaska Court of Appeals found that the arresting officers did not have the right to ask Carter to leave his hotel room and remove his belongings in their presence, and therefore could not have properly arrested him upon seeing the contraband in question.

**II. DISCUSSION**

The conclusion of the Alaska Court of Appeals was inconsistent with the conclusion reached by the trial judge regarding the propriety of the arrest. The trial judge reasonably found that the officers were properly in the hotel room, that they could legitimately ask Carter to leave the room and remove his belongings preparatory to a search of the room given it was past the check-out time, and that the contraband was observed in “plain view.” It clearly was a close call under the circumstances. The officers may have been better advised to have secured the room and attempted to obtain a search warrant. Had they done so and discovered the subject contraband, it is likely that Carter’s conviction would not have been reversed. He, therefore, is arguably the beneficiary of the officers’ mistake.

Although apparently mistaken in their approach, there is no evidence to suggest that the officers were acting in bad faith or were proceeding in an unreasonable fashion. They, in fact, were doing their job and were clearly acting within the course and scope of their employment at the time of this incident. As such, the

officers are entitled to qualified immunity and Plaintiff's claims must be dismissed.

**III. CONCLUSION**

Taking all of the facts in the light most favorable to Plaintiff, it is clear that the Defendants were acting within the course and scope of their employment and were acting reasonably and in good faith at the time they arrested Plaintiff. They are therefore immune, as a matter of law, from the claims brought by Plaintiff. This lawsuit is therefore **DISMISSED WITH PREJUDICE**.

ENTERED this 7th day of June, 2006.

/s/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE