RECEIVED
MAR 17 2008
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED
MAR 12 2008
MOLLY DWYER, ACTING CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAMUEL CARTER,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>JAMES O'MALLEY; et al.,<br><br>    Defendants - Appellees. | No. 06-35548<br><br>D.C. No. CV-05-00016-RRB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted February 26, 2008[**]

Before:  BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

Samuel Carter appeals pro se from the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging that the warrantless search of his hotel room violated the Fourth Amendment. We have jurisdiction pursuant to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo, *Blankenhorn v. City of Orange*, 485 F.3d 463, 470 (9th Cir. 2007), and we may affirm for any reason supported by the record, *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 888 (9th Cir. 1994). We affirm.

Although the district court failed to apply the two-step test outlined in *Saucier v. Katz*, 522 U.S. 194 (2001), it correctly determined that defendants were entitled to qualified immunity. Under *Saucier*, courts "must examine first whether the [officers] violated [the plaintiff's] constitutional rights on the facts alleged and, second, if there was a violation, whether the constitutional rights were clearly established." *Desyllas v. Bernstine*, 351 F.3d 934, 939 (9th Cir. 2003) (citing *Saucier*, 533 U.S. at 201).

Viewing the summary judgment record in the light most favorable to Carter, *see Blankenhorn*, 485 F.3d at 470, the facts here may well support a Fourth Amendment violation, *see Saucier*, 533 U.S. at 201. However, the existence of a reasonable expectation of privacy under the circumstances alleged was not clearly established at the time of the incident involving Carter. *See id.* at 202 (holding that for purposes of qualified immunity, "[t]he contours of [a] right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."); *United States v. Dorais*, 241 F.3d 1124, 1129 (9th Cir. 2001) (clarifying that, despite the "general rule [that] a defendant's expectation of privacy

2

in a hotel room expires at checkout time[,]" "the policies and practices of a hotel may result in the extension past checkout time of a defendant's reasonable expectation of privacy."). Carter's reliance on post-incident case law is unavailing. *See Osolinski v. Kane*, 92 F.3d 934, 936 (9th Cir. 1996) ("Generally, courts do not look to post-incident cases to determine whether the law was clearly established at the time of the incident.").

Carter's remaining contentions are not persuasive.

**AFFIRMED**.